**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TIMOTHY DOYLE YOUNG,       )  | |
|     ID #60012-001,       ) | |
|         Plaintiff,       ) | |
| vs.       ) | No. 3:16-CV-2818-N-BH |
|         )  | |
| LORETTA LYNCH, et al.,       ) | |
|         Defendants.       ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*, received on October 4, 2016 (doc. 4). Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

On October 4, 2016, Timothy Doyle Young (Plaintiff), an inmate in the Bureau of Prisons Unit in Florence, Colorado, filed a civil rights complaint against the United States Attorney General, the Department of Justice (DOJ), and a DOJ attorney. (doc. 3 at 3-4.)[1] He alleges the attorney committed mail fraud by deliberately sending him documents other than those he requested, DOJ rubber stamped his appeal, he is being deprived of records showing that DOJ is placing his life in danger or caused his wrongful death by withholding medical records and treatment, and the Attorney General is covering up criminal and retaliatory conduct by DOJ employees. *Id.* at 4-8. No process has been issued.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  THREE STRIKES

Because he is a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three or more prisoner civil actions dismissed as frivolous or for failure to state a claim.  *See Young v. Crank*, No. 3:13-CV-389-G  (N.D. Tex. Feb. 5, 2013) (recommendation collecting prior dismissals and finding Plaintiff was three-strikes barred), doc. 4, adopted by order (N.D. Tex. Mar. 1, 2013), doc. 7.  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.  Plaintiff's allegations that he is being deprived of records showing past assaults do not sufficiently allege that he is in imminent danger of serious physical injury.  He must therefore prepay the filing fee before he may proceed with his case.

## III.  RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g), unless he pays the full $400 filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise

---

[2]  As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will

established by the Court.

**SIGNED this 6th day of October, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

not be deducted. *Id.*